# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan PRUNTY, et al., <br><br> Plaintiff, <br><br> v. <br><br> CAMP PENDLETON & QUANTICO HOUSING LLC, et al., <br><br> Defendant. | Case No.: 20-cv-0572-MMA-AGS <br><br> **SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Under Civil Local Rule 16.1(d), a Case Management Conference was held on **May 21, 2020**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. On **August 4, 2020**, at **9:00 a.m.**, the Court will hold an Early Neutral Evaluation. The ENE will be conducted as a Zoom video conference. Before the ENE, the Court will e-mail counsel of record an invitation and link allowing them to join the Zoom call. Participants will start in a joint session, then be moved to separate breakout rooms so that each side can communicate confidentially with the Court. Counsel are responsible for ensuring that their clients can participate in the ENE, and all participants are expected to devote their full attention to the ENE as though they were attending in person.

2. By **July 28, 2020**, the parties must email chambers with a list of participants

for each side, as well as a backup phone number in the event there are technical problems with Zoom. Participants must connect to the call 5 minutes before the scheduled start time.

3. **ENE Statements**: By **July 28, 2020**, the parties must email updated ENE statements to efile_schopler@casd.uscourts.gov. Each statement, which is limited to five pages, must outline:

   a. All ENE attendees for that side, including their names, titles, and positions.

   b. The nature of the case, including the claims and defenses.

   c. The requested settlement terms. These settlement terms may be attached as an addendum or exhibit, rather than included in the five-page ENE statement. But the requested settlement terms must include:

   (1) A specific financial demand or offer (or a detailed explanation of why a financial demand or offer cannot be made), and

   (2) All other settlement terms (for example, confidentiality, tax treatment, employment retention/termination, etc.).

   If exhibits are attached and the total submission amounts to more than 20 pages, a courtesy hard copy must also be delivered directly to Chambers. At their discretion, the parties may choose to share their statements with opposing counsel or to keep them confidential.

4. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **June 19, 2020**.

5. All fact discovery must be completed by all parties by **November 30, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the

meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

6.  The parties must designate their respective experts in writing by **October 15, 2020**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts.  The date for exchange of rebuttal experts must be by **November 16, 2020**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

7.  By **October 15, 2020**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

8.  Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **November 16, 2020**.

9.  All expert discovery must be completed by all parties by **January 15, 2021**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

10.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on

the introduction of experts or other designated matters in evidence.

11. During discovery, the parties will be limited to the following per-side restrictions:

| DISCOVERY LIMITATIONS | |
|---|---|
| **Discovery Type** | **Restriction (Per Side)** |
| Depositions | No more than [13] |
| Requests for Admission | No more than [30] |
| Interrogatories | No more than [35] |
| Requests to Produce Documents | No more than [40] |

12. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **February 1, 2021**.[1]  Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

13. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, supra, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

14. A Mandatory Settlement Conference will be conducted on **December 9, 2020**, at **9:00 a.m.** in the chambers of Magistrate Judge Andrew G. Schopler. Counsel or any party representing himself or herself must submit confidential settlement briefs directly to the magistrate judge's chambers by **December 2, 2020**. All parties are ordered to read and

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

fully comply with the Chambers Rules of the assigned Magistrate Judge. Each statement, which is limited to five pages exclusive of exhibits, must outline the nature of the case, the claims, the defenses, the parties' settlement positions, and all MSC attendees for that side, including their names, titles, and positions. The settlement position must include a specific and current demand or offer addressing all relief or remedies sought. If a specific demand or offer cannot be made, then the reasons for this must be set forth. If exhibits are attached and the total submission amounts to more than 20 pages, a courtesy hard copy must also be delivered directly to Chambers. At their discretion, the parties may choose to share their statements with opposing counsel or to keep them confidential.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

18. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: May 21, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge